NO. 07-08-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 23, 2009
_____

GERALD BROWN,

                                        Appellant

v.

THE STATE OF TEXAS,

                                        Appellee
_____

FROM THE 362nd DISTRICT COURT OF DENTON COUNTY;

NO. F-2007-0448-D; HON. BRUCE MCFARLING, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Gerald Brown appeals his conviction for theft and contends, through three issues, that the State presented legally and factually insufficient evidence to prove he committed theft of property valued at $1500 or more but under $20,000.  We affirm the judgment.

The record contains evidence illustrating that while appellant was in prison, a James Jones had stolen the wheels off appellant's vehicle.  Jones later agreed to "hook [appellant] up" with replacements if appellant drove him from Oklahoma to Lewisville,

Texas, to "repossess" some rims. Appellant admitted that he was "street smart," testified that he was "not going to act like [he] didn't know" what Jones was going to do, that he "had a sense of what he's [*i.e.* Jones was] talking about," that he "didn't care" whether the story was true, and agreed to the proposal. So, one night the two entered appellant's Cadillac, drove to Texas, and eventually stopped at an apartment complex around 4 a.m. Several men lifted a particular SUV (located in the parking lot) off the ground, placed cinder blocks under it, lowered it on the cinder blocks, removed the lug nuts and rim covers from the vehicle's four wheels, placed two wheels in a truck that arrived with other compatriots, and placed the rim covers and lug nuts in appellant's car before being spotted and fleeing.

Soon after fleeing, appellant and Jones were arrested. While sitting in the police squad car appellant called a female and told her that "we had all the rims off," that "somebody seen us trying to take these rims," and that "we got away and were already on the highway." These comments were recorded by the video camera within the squad car. Testimony also disclosed that the value of the four wheels and rims approximated $2200 and that the owner of the wheels and SUV had not given anyone permission to take them. Finally, upon being charged, which charge included a party charge, the jury found appellant guilty of theft of property equal to or greater than $1500 but less that $20,000.

The foregoing evidence is enough to permit a rational jury to conclude, beyond reasonable doubt, that appellant was at the very least a party to the theft. And, that only two of the four wheels were actually taken before being spotted does not negate that. Indeed, though two wheels were left behind, appellant himself said that they "had all the rims off." Additionally, the four rim covers once on the wheels had been removed. Couple this with the evidence illustrating that the SUV had been placed on cinder blocks to

2

facilitate the theft, one cannot but conclude that appellant (at the very least as a party) appropriated or otherwise exercised control over all four wheels, tires, and rims. *See* TEX. PENAL CODE ANN. § 31.01(4) (Vernon Supp. 2008) (defining "appropriate" as, among other things, "to acquire or otherwise exercise control over property"); TEX. PENAL CODE ANN. §31.03(a) (stating that one commits theft when he unlawfully appropriates property with intent to deprive the owner of it).

In sum, the evidence was both legally and factually sufficient to support the jury's verdict. The latter was not manifestly unjust, and the trial court acted properly in denying appellant's motion for directed verdict.

Accordingly, the judgment is affirmed.


Per Curiam


Do not publish.